JH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
Feb. 12, 2009
FEB 12 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JUDGE DOW

UNITED STATES OF AMERICA,

09 CR 0135

v.

RUFUS JONES, and
ANNETTE FORD

) Violation: Title 18, United States Code,
) Sections 371, 666(a)(1)(A) and 2
)

**MAGISTRATE JUDGE VALDEZ**

## COUNT ONE

The SPECIAL JANUARY 2009 GRAND JURY charges:

### Background

1. At times material to this Indictment:

    a. The Department of Education (hereinafter "DOE") was a department of the United States government with the primary responsibility of administering various educational programs throughout the United States, including those authorized by Title 20, Chapter 28, Subchapter IV of the United States Code and applicable federal regulations pertaining to student financial assistance;

    b. One of the educational programs administered by the DOE was the Federal Family Education Loan program (hereinafter "FFEL"), which includes Federal Stafford Loans, Federal PLUS Loans, and Federal Consolidation Loans for college students;

    c. School A was an undergraduate art and design school located in Chicago, Illinois, that received funds under the FFEL program;

    d. Company A was a leasing company located in Phoenix, Arizona, that contracted with School A to provide housing for School A's students; and

c. Defendant ANNETTE FORD was employed by School A as a Student Account Officer with access to School A's students' financial aid and account history information. Her duties as a Student Account Officer included accessing and processing students' financial aid and account history information, using School A's signature stamp to prepare refund checks for School A students, and making payments to Company A on behalf of students after financial aid posted to the students' accounts.

## The Offense

2. From in or about January 2003 and continuing to in or about February 2005, at Chicago, in the Northern District of Illinois, Eastern Division,

RUFUS JONES and ANNETTE FORD,

defendants herein, did conspire that defendant FORD, being an agent of School A, would embezzle, steal, and obtain by fraud, and otherwise without authority knowingly convert to the use of a person other than the rightful owner, and would intentionally misapply, in excess of $5,000 owned by, and under the care, custody, and control of School A, being an organization that received in excess of $10,000 a year from DOE's FFEL program, in violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

3. It was part of the conspiracy that defendant ANNETTE FORD used her position as a Student Accounts Officer with School A to, without authority or permission, take students' refund checks from School A's administrative offices where the checks were kept for student pick-up.

4. It was further part of the conspiracy that defendant ANNETTE FORD provided

the student refund checks described in paragraph 3, above, from School A's administrative offices to defendant RUFUS JONES.

5. It was further part of the conspiracy that defendant RUFUS JONES opened in his own name, and maintained, Charter One Bank accounts #08132307903 and #08132356802 for purposes of depositing the School A checks described in paragraph 3, above.

6. It was further part of the conspiracy that defendant RUFUS JONES, without authority or permission, forged the students' signatures on the School A checks described in paragraph 3, above, signed the checks in his own name as "co-signor," and then deposited these checks into Charter One Bank accounts #08132307903 and #08132356802.

7. It was further part of the conspiracy that defendant ANNETTE FORD also used the names of current and former School A students, who were not entitled to a refund check, and without authority or permission, created fraudulent School A checks payable to those names. Defendant ANNETTE FORD thereafter, without authority or permission, signed these checks using School A's signature stamp.

8. It was further part of the conspiracy that defendant ANNETTE FORD provided the illegitimate checks described in paragraph 7, above, to defendant RUFUS JONES, who without authority or permission "co-signed" the checks in his own name and then deposited the checks into Charter One Bank accounts #08132307903 and #08132356802.

9. It was further part of the conspiracy that defendant ANNETTE FORD, using her position at School A, took checks payable to Company A from School A's administrative offices, and signed them with School A's signature stamp, all without permission and authority.

10. It was further part of the conspiracy that defendant RUFUS JONES opened and

maintained a third Charter One Bank account, #08132444303, in the name "R&R Real Estate & Marketing/Rufus Jones (President)."

11. It was further part of the conspiracy that defendant RUFUS JONES, using a stamp bearing "RNR Real Estate and Marketing," without authority or permission endorsed the stolen Company A checks described in paragraph 9, above, "For Deposit Only," and then deposited these checks into Charter One Bank account #08132444303.

12. It was further part of the conspiracy that within days after depositing the unlawfully-obtained School A checks described in paragraphs 3, 7, and 9 above into his Charter One Bank accounts, defendant RUFUS JONES withdrew the funds from various ATM machine locations throughout the Chicago, Illinois area.

13. It was further part of the conspiracy that defendants RUFUS JONES and ANNETTE FORD concealed, misrepresented, and hid and caused to be concealed, misrepresented, and hidden, the existence and purpose of the conspiracy, and the acts done in furtherance of the conspiracy.

### Overt Acts

14. In furtherance of the conspiracy and to accomplish the objectives of the conspiracy, defendants RUFUS JONES and ANNETTE FORD committed one or more overt acts in the Northern District of Illinois, and elsewhere, which overt acts included, but were not limited to, the following:

   a. On or about December 30, 2003, defendant RUFUS JONES deposited

illegitimate School A refund check #74910, in the amount of $2,485, payable to Student A, and given to JONES by defendant ANNETTE FORD, into Charter One Bank account #08132307903.

b. On or about March 31, 2004, defendant RUFUS JONES deposited School A refund check #75104, in the amount of $2,485, payable to Student B, and given to JONES by defendant ANNETTE FORD, into Charter One Bank account #08132307903.

c. On or about April 7, 2004, defendant RUFUS JONES deposited fraudulent School A refund check #74420, in the amount of $2,450, payable to Student C, and given to JONES by defendant ANNETTE FORD, into Charter One Bank account #08132356802.

d. On or about September 2, 2004, defendant RUFUS JONES deposited School A refund check #77422, in the amount of $2,392.06, payable to Student D, and given to JONES by defendant ANNETTE FORD, into Charter One Bank account #08132356802.

e. On or about November 2, 2004, defendant RUFUS JONES deposited School A refund check #90629, in the amount of $4,281.77, payable to Student E, and given to JONES by defendant ANNETTE FORD, into Charter One Bank account #08132307903.

f. On or about December 8, 2004, defendant RUFUS JONES deposited School A refund check #92105, in the amount of $970.32, payable to Student F, and given to JONES by defendant ANNETTE FORD, into Charter One Bank account #08132307903.

g. On or about December 18, 2004, defendant RUFUS JONES deposited

School A refund check #92994, in the amount of $1,650, payable to "RNR Real Estate Marketing," and given to JONES by defendant ANNETTE FORD, into Charter One Bank account #08132444303.

h. On or about January 19, 2005, defendant RUFUS JONES deposited School A refund check #93177, in the amount of $1,800, payable to "RNR Real Estate Marketing," and given to JONES by defendant ANNETTE FORD, into Charter One Bank account #08132444303.

i. On or about February 25, 2005, defendant RUFUS JONES deposited School A refund check #93329, in the amount of $1,200, payable to "RNR Real Estate Marketing," and given to JONES by defendant ANNETTE FORD, into Charter One Bank account #08132444303;

15. Through the foregoing means, between January 2003 and about February 2005, defendants RUFUS JONES and ANNETTE FORD embezzled, stole, and obtained by fraud, and otherwise without authority knowingly converted to the use of themselves, at least $168,590.10 that was owned by, and under the care, custody, and control of School A;

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

The SPECIAL JANUARY 2009 GRAND JURY further charges:

1. The allegations in Paragraph 1 of Count One of this Indictment are realleged and incorporated as though fully set forth herein.

2. From in or about January 2003 and continuing to in or about March 2004, at Chicago, in the Northern District of Illinois, Eastern Division,

### ANNETTE FORD,

defendant herein, being an agent of School A, did embezzle, steal, and obtain by fraud, and otherwise without authority knowingly converted to the use of a person other than the rightful owner, and did intentionally misapply, in excess of $5,000, specifically at least $43,831.77, owned by, and under the care, custody, and control of School A, being an organization that received in excess of $10,000 a year from DOE's FFEL program; and

### RUFUS JONES,

defendant herein, did aid and abet defendant ANNETTE FORD in committing said offense;

In violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

-7-

## COUNT THREE

The SPECIAL JANUARY 2009 GRAND JURY further charges:

1. The allegations in Paragraph 1 of Count One of this Indictment are realleged and incorporated as though fully set forth herein.

2. From in or about March 2004 and continuing to in or about February 2005, at Chicago, in the Northern District of Illinois, Eastern Division,

ANNETTE FORD,

defendant herein, being an agent of School A, did embezzle, steal, and obtain by fraud, and otherwise without authority knowingly converted to the use of a person other than the rightful owner, and did intentionally misapply, in excess of $5,000, specifically at least $124,758.33, owned by, and under the care, custody, and control of School A, being an organization that received in excess of $10,000 a year from DOE's FFEL program; and

RUFUS JONES,

defendant herein, did aid and abet defendant ANNETTE FORD in committing said offense;

In violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

-8-

# FORFEITURE ALLEGATION

The SPECIAL JANUARY 2009 GRAND JURY further alleges:

1. The allegations contained in this Indictment are realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(D) and Title 28, United States Code, Section 2461(c).

2. As a result of their violation of Title 18, United States Code, Sections 371 and 666(a)(1) of the foregoing Indictment,

RUFUS JONES and ANNETTE FORD,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(D) and Title 28, United States Code, Section 2461(c), any and all right, title and interest in any property, real and personal, which constitutes and is derived from proceeds traceable to the charged offenses.

3. The interests of the defendants subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(D) and Title 28, United States Code, Section 2461(c) include, but are not limited to, $168,590.10, which represent the proceeds that the defendants received from School A during the commission and as a result of the charged offenses.

4. If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

FOREPERSON

_____
UNITED STATES ATTORNEY